# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA,<br><br>        Plaintiff,<br><br>    v.<br><br>E. MANZANALEZ, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00419-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Gilbert Osuna is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 2, 2019. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's certified inmate trust account statement was filed on April 3, 2019. (ECF No. 6.)

      Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Osuna v. M. Wadle, et al.,

1

Further, the Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to § 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053–55 (9th Cir. 2007). In his complaint, Plaintiff alleges that, in two separate incidents on May 1 and 2, 2017, a total of six correctional officers at North Kern State Prison used excessive force on him. Further, Plaintiff asserts that his "life is and was in danger by a prison gang." (ECF No. 1, p. 4.) However, Plaintiff is no longer housed at North Kern State Prison and Plaintiff's complaint does not include any specific factual allegations stating that Plaintiff was in any imminent danger of serious physical injury at the time he filed the complaint. Therefore, Plaintiff is precluded from proceeding *in forma pauperis* in this action. Consequently, Plaintiff must pay the $400.00 filing fee in full if he wishes to proceed with this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED; and
2. Plaintiff be ORDERED to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

---

No. 2:17-cv-05818-PA-JCG (C.D. Cal.) (dismissed on September 20, 2017 as frivolous or malicious on the grounds that it is a duplicative lawsuit); (2) Osuna v. Manzanalez, et al., No. 1:18-cv-00719-LJO-SAB (E.D. Cal.) (dismissed on November 29, 2018 for failure to exhaust administrative remedies, following a screening order stating Plaintiff's failure to exhaust administrative remedies was clear from the face of the operative complaint); (3) Osuna v. M. Wadle, et al., No. 1:18-cv-00717-LJO-GSA (E.D. Cal.) (dismissed on February 8, 2019, following an order stating Plaintiff's failure to exhaust administrative remedies was clear from the face of his complaint and Plaintiff conceded that he had not exhausted prior to filing suit). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citation and internal quotation marks omitted); El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE